# Exhibit A



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us    My Account    

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

---

◀◀ BACK

**MILAGROS VALDES VS WALMART INC**

| | | | |
|---|---|---|---|
| Local Case Number: | 2020-012978-CA-01 | Filing Date: | 06/18/2020 |
| State Case Number: | 132020CA012978000001 | Judicial Section: | CA32 |
| Consolidated Case No.: | N/A | Case Type: | Discrimination - Employment or Other |
| Case Status: | OPEN | | |

## 👥 Parties
Total Of Parties: 2

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Valdes, Milagros | B#: (Bar Number)115784<br>N: (Attorney Name)Perez, Juan J. | |
| Defendant | Walmart Inc | B#: (Bar Number)614671<br>N: (Attorney Name)Zascha Blanco | |

## 🔨 Hearing Details
Total Of Hearings: 0

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

## 🔊 Dockets
Total Of Dockets: 12

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 11 | 07/20/2020 | | Agreed Order | Event | **ON DEFT'S UNOPPOSED MOTION FOR EXT OF TIME TO RESPOND TO THE COMPLAINT GRANTED** |
| 📄 | 10 | 07/20/2020 | | Email Notice: | Event | **SERVICE@LGPLAW.COM** |
| 📄 | 9 | 07/20/2020 | | Motion for Extension of Time | Event | |
| 📄 | 8 | 07/20/2020 | | Notice of Appearance | Event | Parties: Zascha Blanco; Walmart Inc |
| 📄 | 7 | 06/25/2020 | | Service Returned | Event | |
| | | 06/22/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 6 | 06/22/2020 | | ESummons 20 Day Issued | Event | Parties: Walmart Inc |

1/3

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 5 | 06/20/2020 | | Receipt: | Event | RECEIPT#:2710160 AMT PAID:$10.00 NAME:PEREZ, JUAN J. 1414 NW 107TH AVE STE 302 DORAL FL 33172 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT |
| | 4 | 06/20/2020 | | Receipt: | Event | RECEIPT#:2710035 AMT PAID:$401.00 NAME:PEREZ, JUAN J. 1414 NW 107TH AVE STE 302 DORAL FL 33172 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEI |
| 📄 | 3 | 06/19/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 2 | 06/18/2020 | | Complaint | Event | |
| 📄 | 1 | 06/18/2020 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



HARVEY RUVIN

Miami-Dade County

Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2020 Clerk of the Courts. All rights reserved.



**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Milagros Valdes</u>
 Plaintiff
            vs.
<u>Walmart Inc.</u>
Defendant

**II.      AMOUNT OF CLAIM**

  Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>250,000</u>

**III.      TYPE OF CASE**      (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions
☐ Professional malpractice
  ☐ Malpractice – business
  ☐ Malpractice – medical

  ☐ Malpractice – other professional
☒ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transaction
  ☐ Circuit Civil - Not Applicable
  ☐ Constitutional challenge-statute or ordinance
  ☐ Constitutional challenge-proposed amendment
  ☐ Corporate Trusts
  ☒ Discrimination-employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

☐ County Civil
  ☐ Small Claims up to $8,000
  ☐ Civil
  ☐ Replevins
  ☐ Evictions
  ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒   Monetary;
☒   Non-monetary declaratory or injunctive relief;
☒   Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>6</u>

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐  Yes
☒  No

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒  No
☐  Yes – If "yes" list all related cases by name, case number and court:

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒  Yes
☐  No

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:    <u>s/ Juan J. Perez</u>
            Attorney or party
FL Bar No.:  <u>115784</u>
            (Bar number, if attorney)
            <u>Juan J. Perez</u>
            (Type or print name)
    Date:  <u>06/18/2020</u>

Case 1:20-cv-23085-RNS   Document 1-2   Entered on FLSD Docket 07/24/2020   Page 7 of 55

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

MILAGROS VALDES

     Plaintiff,

vs.                              Case No.

WALMART INC, a foreign Corporation

     Defendant.

_____/

## COMPLAINT

     Plaintiff MILAGROS VALDES, (hereinafter "Plaintiff" or "VALDES") by and through her undersigned attorney hereby sues defendant WALMART INC, a foreign Corporation (hereinafter, "Defendant"), a corporation, and says:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding $30,000 excluding attorneys' fees or costs and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. This Court has jurisdiction of the claims herein pursuant to the FCRA.

3. The claims asserted in this Complaint arose in Miami Dade County, Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court since Plaintiff was employed by Defendant in Miami-Dade, Florida.

## **PARTIES**

5.  Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within Miami-Dade Florida. Plaintiff is over the age of eighteen.

6.  Plaintiff is a female individual from Venezuela. She is therefore a member of a class protected under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and the Florida Civil Rights Act (Fla. Stat. § 760.01 *et seq.*, and hereinafter "FCRA") because the terms, conditions, and privileges of her employment were altered because of her gender and/or national origin.

7.  Further, Plaintiff was retaliated against for her complaints of discriminatory conduct on behalf of Defendant which places her within a class protected under Title VII and the FCRA.

8.  Defendant is a foreign corporation organized and existing in Delaware with its principal place of business in Arizona and authorized to do business in Florida. Defendant operates several stores nationwide. Specifically, Plaintiff worked in store #5945 located in Hialeah, Florida.

9.  Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about April 15, 2019. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was terminated from her position in December, 2018. Her Charge was therefore timely filed.

13. Plaintiff was issued a Notice of Right to Sue on June 1, 2020. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

15. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

16. Plaintiff was hired by Defendant in February 16, 2012 as a customer service associate.

17. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

18. As a result of her good performance, Plaintiff was recognized and received the associate monthly award in 2012, 2014, 2015, and 2016.

19. Defendant hired Pavel Aragon (White, Cuban) (hereinafter "Aragon") as the new manager for the store and Plaintiff's direct supervisor.

20. From the outset, Plaintiff noticed that Aragon treated her differently than other male Cuban similarly situated employees. For example, Aragon would give other Cuban, male employees more favorable schedules and better work opportunities.

21. Aragon also spoke in a condescending and demeaning manner to Plaintiff on a regular basis in front of other employees and customers. Aragon did not speak in this manner to male Cuban employees.

22. In January 2018, Plaintiff was promoted to Manager. However, Plaintiff did not receive a raise like her male counterparts in the same position.

23. Plaintiff complained about the disparate treatment. Specifically, Plaintiff first complained to Aragon who refused to give Plaintiff the raise she deserved.

24. After making several complaints, in April 2018, Plaintiff received the raise for the position of manager. However, Aragon's disparate treatment of Plaintiff worsen.

25. Plaintiff was scheduled to work more hours and was often assigned additional duties that Cuban male similarly situated employees were not required to do.

26. Aragon often changed Plaintiff's schedule to conflict with Plaintiff's availability making it difficult for Plaintiff to comply with her schedule.

27. Furthermore, in September 2018, Aragon demoted Plaintiff back to customer service associate position.

28. On or about December 6, 2018, Aragon accused Plaintiff of violating Defendant's policy and Plaintiff was terminated.

29. Defendant acted with intentional disregard for Plaintiff's rights under Title VII and the FCRA.

30. At all times relevant, Plaintiff was qualified for her position with Defendant in that she worked for the Defendant for over six (6) years without disciplinary action.

31. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

32. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's gender, national origin, and/or complaints of discrimination were motivating factor(s) in the decision for the adverse employment action(s).

33. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

34. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

### COUNT I
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON SEX)

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 of this complaint as if set out in full herein.

36. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

37. Plaintiff is a member of a protected class, to wit, female.

38. Defendant, by and through its owner and managers, did not treat Plaintiff the same as other male employees.

39. Aragon acted on behalf of Defendant and acted within the scope of his duties.

40. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

41. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's gender.

42. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, male employees were allowed better work opportunities by not being subjected to unfair treatment.

43. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

44. The Plaintiff was qualified for the position apart from her apparent gender.

45. The Plaintiff was discriminated against by her supervisor because she was a female.

46. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

47. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

48. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

49. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was a female, in violation of the Act.

50. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's gender, was a motivating factor in the decision for the adverse employment action(s).

51. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

52. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

53. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT II**
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON NATIONAL ORIGIN)**

54. Plaintiff re-avers and re-states paragraphs 1–34 above, as though the same were fully re-written herein, and says:

55. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against and ultimately terminated on the basis of her national origin.

56. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered due to her national origin.

57. Defendant, by and through its owner and managers, did not treat Plaintiff the same as Cuban employees in that Cuban employees had liberty with regard to their schedule, less duties, and were allowed better work opportunities by not being subjected to unfair treatment.

58. Defendant's owner and managers acted with intentional disregard for Plaintiff's rights under Title VII as a person based on her national origin.

59. Aragon acted on behalf of Defendant and acted within the scope of his duties.

60. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment

8

opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

61. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's national origin.

62. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

63. The Plaintiff was discriminated against by her supervisor because she was Venezuelan.

64. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

65. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

66. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her national origin a violation of Act with respect to its decision to treat Plaintiff different from other employees.

67. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Venezuelan, in violation of the Act.

68. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin, was a motivating factor in the decision for the adverse employment action(s).

69. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

70. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

71. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including  appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF THE CIVIL RIGHTS ACT
## (RETALIATION)

72. Plaintiff incorporates herein the allegations contained in paragraphs 1–34, inclusive, as though same were fully re-written, and says:

73. Plaintiff is a member of a protected class under Title VII, to wit she complained of discriminatory treatment.

74. Since Aragon became Plaintiff's supervisor, Plaintiff made several complaints of disparate treatment as stated above.

75. On or about December 6, 2018, as a direct result of Plaintiff's complaints of discrimination, Plaintiff was terminated by Defendant.

76. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

77. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

78. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

79. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON SEX)

80. Plaintiff re-avers and re-states paragraphs 1–34 above, as though the same were fully re-written herein, and says:

81. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her gender, Female.

82. Plaintiff is a member of a protected class, to wit, female.

83. Defendant, by and through its supervisors, by the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to animosity based on her gender.

84. Defendant's managers acted with intentional disregard for Plaintiff's rights as a woman under the FCRA.

85. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to. However, even if Defendant had a reason, Plaintiff's gender was, at minimum, a motivating factor in its decision to pay her less and ultimately terminate her.

86. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

87. Specifically, Aragon as manager, at all material times, acted on behalf of Defendant and acted within the scope of their duties.

88. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

89. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

90. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon and Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON NATIONAL ORIGIN)

91. Plaintiff re-avers and re-states paragraphs 1–34 above, as though the same were fully re-written herein, and says:

92. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her national origin.

93. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered due to her national origin.

94. Defendant's managers and representatives acted with intentional disregard for Plaintiff's rights under the FCRA as a person based on her national origin.

95. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to. However, even if Defendant had a reason, Plaintiff's national origin was, at minimum, a motivating factor in its decision for the disparate treatment of Plaintiff, including but not limited to Plaintiff's termination.

96. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

97. Specifically, Aragon as manager, at all material times, acted on behalf of Defendant and acted within the scope of their duties.

98. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

99. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

100. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon and Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**<u>COUNT VI</u>**
**<u>VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT</u>**
**<u>(RETALIATION)</u>**

101. Plaintiff re-alleges and re-avers paragraphs 1-34 as though full set forth herein.

102. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

103. Plaintiff made several complaints of disparate treatment to Aragon.

104. Plaintiff's complaints of disparate treatment as stated above, were protected activity under the FCRA.

105.   By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

106.   As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

107.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

108.   Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

109.   Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

110.   If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, were a motivating factor in the decision for the adverse employment action(s).

111.   Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A.   The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay,

benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B.  The Court award punitive damages as permitted under the law;

C.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D.  The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff MILAGROS VALDES demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 18, 2020

**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

MILAGROS VALDES

      Plaintiff,

vs.                        Case No. 2020-012978-CA

WALMART INC, a foreign Corporation

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** WALMART INC**,** through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

NATHALY SAAVEDRA, ESQ.
PEREGONZA LAW GROUP, PLLC.
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


_____        _____
CLERK                            DATE
_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

MILAGROS VALDES

    Plaintiff,

vs.                            Case No. 2020-012978-CA

WALMART INC, a foreign Corporation

    Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** WALMART INC**,** through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

NATHALY SAAVEDRA, ESQ.
PEREGONZA LAW GROUP, PLLC.
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

6/22/2020

_____           _____
CLERK                                 DATE

_____
(BY) DEPUTY CLERK

## VERIFIED RETURN OF SERVICE

**State of Florida**            **County of MIAMI DADE**                    **Circuit Court**

Case Number: 2020-012978-CA

Plaintiff:
**MILAGROS VALDES**


OCH2020000768

vs.

Defendant:
**WALMART INC, a foreign Corporation**

For:
PEREGONZA LAW GROUP
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

Received by STATEWIDE PROCESS SERVICE INC on the 23rd day of June, 2020 at 12:12 pm to be served on **WALMART INC C/O C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, KIMBERLY URTNOWSKI, do hereby affirm that on the **25th day of June, 2020** at **11:42 am, I:**

**Served** the within named corporation by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me to **Donna Moch** as**Senior Corp Ops Manager** of **CT Corporation System** at **1200 SOUTH PINE ISLAND ROAD, Suite 250, PLANTATION, FL 33324** who is the **Registered Agent** of the within named corporation, after informing said person of the contents of the matter thereof in compliance with FL State Statutes 48.091.

**Description** of Person Served: Age: 50+, Sex: F, Race/Skin Color: White, Height: 5'4, Weight: 125, Hair: Brown, Glasses: N

Under penalties of perjury, I swear or affirm, pursuant to Florida Statute 92.525, that I have read the foregoing and that the facts stated therein are true. I am over the age of 18, have no interest in the above action, and am a Specially Appointed Process Server, in good standing, in the 17th Judicial Circuit, in which process was served.

**KIMBERLY URTNOWSKI**
SPS #1493

**STATEWIDE PROCESS SERVICE INC**
**5727 NW 7TH STREET**
**SUITE 317**
**MIAMI, FL 33126**
**(786) 512-2440**

Our Job Serial Number: OCH-2020000768

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

# IN THE CIRCUIT COURT OF THE
## 11TH JUDICIAL CIRCUIT IN AND FOR
## MIAMI DADE COUNTY, FLORDA

### *(CIVIL DIVISION)*

MILAGROS VALDES,                                    CASE NO.: 2020-012978-CA-01

        Plaintiff,

vs.

WALMART, INC.,

        Defendant.

_____/

## NOTICE OF APPEARANCE

    **PLEASE TAKE NOTICE** that the law firm LIEBLER, GONZALEZ & PORTUONDO**,**

hereby enters its appearance as counsel for WALMART, INC.[1]  in these proceedings. All parties

are requested to take notice of the appearance of undersigned counsel and to serve all copies of

any and all motions, orders, pleadings, papers, reports, and/or documents of any kind or nature

upon the undersigned counsel.

    DATED: July 20, 2020.

                    Respectfully submitted,

                    **LIEBLER, GONZALEZ & PORTUONDO**
                    *Attorneys for Defendant*
                    Courthouse Tower - 25th Floor
                    44 West Flagler Street
                    Miami, FL 33130
                    (305) 379-0400
                    service@lgplaw.com

        By:    */s/ Zascha B. Abbott*_____
               CHRISTINE M. MANZO
               Florida Bar No. 52121
               ZASCHA BLANCO ABBOTT
               Florida Bar No. 614671

---

[1]  Walmart, Inc. should be listed Walmart Inc.

CASE NO.: 2020-012978-CA-01

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this <u>20th</u> day of July, 2020, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Nathaly Saavedra, Esq.** (nathaly@peregoza.com) and **Juan J. Perez, Esq.** (juan@peregonza.com) Peregonza Law Group, *Attorneys for Plaintiff*, 1414 NW 107th Avenue, Suite 302, Doral, Fl 33172.

/s/ Zascha B. Abbott
ZASCHA B. ABBOTT

**IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORDA**

***(CIVIL DIVISION)***

MILAGROS VALDES,                                    CASE NO.: 2020-012978-CA-01

           Plaintiff,

vs.

WALMART, INC.,

           Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME
TO RESPOND TO THE COMPLAINT**

    Defendant WALMART, INC[1] ("Defendant"), by and through the undersigned counsel respectfully requests the Court to enter an order extending the time allowed for Defendant to respond to the Complaint, and states as grounds:

    1.    The Complaint in the above-referenced matter has been served on Defendant.

    2.    Due to the press of other business matters, Defendant needs additional time to respond to the Complaint.

    3.    Therefore, Defendant respectfully requests an extension of time up to and including July 28, 2020 to file its response to the Complaint.

    4.    Counsel for Defendant conferred with Counsel for Plaintiff and Plaintiff does not oppose the requested extension.

    5.    This Motion is made in good faith, not for purposes of delay and will not prejudice any party to this action.

_____

[1] Walmart, Inc. should be listed Walmart Inc.

CASE NO.: 2020-012978-CA-01

6.     Accordingly, Defendant respectfully requests that this honorable Court grant Defendant's motion for extension of time.

WHEREFORE,   in light of the foregoing, Defendant respectfully requests this honorable Court enter an Order granting Defendant up to and including July 28, 2020 to file its response to the Complaint.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:     */s/ Zascha B. Abbott*
CHRISTINE M. MANZO
Florida Bar No. 52121
ZASCHA BLANCO ABBOTT
Florida Bar No. 614671

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2020, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Nathaly Saavedra, Esq.** (nathaly@peregoza.com) and **Juan J. Perez, Esq.** (juan@peregoza.com) Peregoza Law Group, *Attorneys for Plaintiff*, 1414 NW 107th Avenue, Suite 302, Doral, Fl 33172.

*/s/ Zascha B. Abbott*
ZASCHA B. ABBOTT

**IN THE CIRCUIT COURT OF THE**
**11TH JUDICIAL CIRCUIT IN AND FOR**
**MIAMI DADE COUNTY, FLORDA**
*(CIVIL DIVISION)*

MILAGROS VALDES,                                    CASE NO.: 2020-012978-CA-01

        Plaintiff,

vs.

WALMART, INC.,

        Defendant.

_____/

**AGREED ORDER ON DEFENDANT'S UNOPPOSED**
**MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

      THIS CAUSE having come before the Court upon Defendant's Unopposed Motion for

Extension of Time to Respond to the Complaint, and the Court, having reviewed the Motion,

being advised that the parties are in agreement and being otherwise advised of the premises,

hereby states that it is **ORDERED** and **ADJUDGED** that:

      1.     The Motion for Extension of Time is hereby **GRANTED**.

      2.     Defendant shall have up to and including July 28, 2020 to respond to the

Complaint.

      **DONE** and **ORDERED** in Chambers in Miami Dade County, Florida on this ____ day of

_____, 2020.


                            _____

                            CIRCUIT COURT JUDGE


Copies to:
Christine M. Manzo, Esq., Zascha B. Abbott, Esq. (service@lgplaw.com)
Nathaly Saavedra, Esq. and Juan J. Perez, Esq. (nathaly@peregonza.com) (juan@peregonza.com)

1

## IN THE CIRCUIT COURT OF THE
## 11TH JUDICIAL CIRCUIT IN AND FOR
## MIAMI DADE COUNTY, FLORDA

### *(CIVIL DIVISION)*

MILAGROS VALDES,                                    CASE NO.: 2020-012978-CA-01

        Plaintiff,

vs.

WALMART, INC.,

        Defendant.

_____/

### DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516

The undersigned law firm hereby designates, pursuant to Rule 2.516, the following e-mail address for the purpose of service of all documents required to be served pursuant to Rule 2.516 in this proceeding:

Primary E-Mail Address:        service@lgplaw.com

Secondary E-Mail Addresses: cmm@lgplaw.com        zba@lgplaw.com        ars@lgplaw.com

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:    */s/ Zascha B. Abbott*
CHRISTINE M. MANZO
Florida Bar No. 52121
ZASCHA BLANCO ABBOTT
Florida Bar No. 614671

CASE NO.: 2020-012978-CA-01

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this <u>20th</u> day of July, 2020, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Nathaly Saavedra, Esq.** (nathaly@peregoza.com) and **Juan J. Perez, Esq.** (juan@peregonza.com) Peregonza Law Group, *Attorneys for Plaintiff*, 1414 NW 107th Avenue, Suite 302, Doral, Fl 33172.

*/s/ Zascha B. Abbott* _____
ZASCHA B. ABBOTT

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2020-012978-CA-01
SECTION: CA32
JUDGE: Mark Blumstein

**Milagros Valdes**

Plaintiff(s)

vs.

**Walmart Inc**

Defendant(s)

_____ /

## AGREED ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

      **THIS CAUSE** is before the Court upon Defendant's Unopposed Motion for Extension of Time to Respond to the Complaint ("Motion"), and the Court, having reviewed the Motion, being advised that the parties are in agreement and being otherwise advised of the premises,

      **IT IS HEREBY ORDERED and ADJUDGED** that the Motion is *GRANTED*. Defendant shall have up to and including July 28, 2020 to respond to the Complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 20th day of July, 2020.

2020-012978-CA-01 07-20-2020 8:38 PM

Hon. Mark Blumstein

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Christine M. Manzo, cmm@lgplaw.com
Christine M. Manzo, ars@lgplaw.com
Juan J. Perez, juan@peregonza.com
Juan J. Perez, eservice@peregonza.com
Juan J. Perez, office@peregonza.com
Nathaly Saavedra, nathaly@peregonza.com
Nathaly Saavedra, office@peregonza.com
Zascha Blanco Abbott, zba@lgplaw.com
Zascha Blanco Abbott, eic@lgplaw.com
Zascha Blanco Abbott, service@lgplaw.com

**Physically Served:**

Filing # 109128076 E-Filed 06/19/2020 02:01:48 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

MILAGROS VALDES

      Plaintiff,

vs.                         Case No. 2020-012978-CA

WALMART INC, a foreign Corporation

      Defendant.
_____/

## SUMMONS IN A CIVIL CASE

*6·25·2020 @ 11:42㏘*

*12 KUSPS1493*

**TO:** WALMART INC, through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

NATHALY SAAVEDRA, ESQ.
PEREGONZA LAW GROUP, PLLC.
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

6/22/2020

CLERK                            DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

MILAGROS VALDES

      Plaintiff,

vs.                                                     Case No.

WALMART INC, a foreign Corporation

      Defendant.

_____/

## COMPLAINT

Plaintiff MILAGROS VALDES, (hereinafter "Plaintiff,, or "VALDES,,) by and through
her undersigned attorney hereby sues defendant WALMART INC, a foreign Corporation
(hereinafter, "Defendant"), a corporation, and says:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding $30,000 excluding attorneys' fees or costs and other
   relief based on unlawful employment practices committed by Defendant and jurisdiction of
   this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §
   706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA,,), §§ 760.01-760.11.

2. This Court has jurisdiction of the claims herein pursuant to the FCRA.

3. The claims asserted in this Complaint arose in Miami Dade County, Florida during the course
   of Plaintiff's employment with Defendant.

4. Venue is proper in this Court since Plaintiff was employed by Defendant in Miami-Dade,
   Florida.

1

**PARTIES**

5. Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within Miami-Dade Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a female individual from Venezuela. She is therefore a member of a class protected under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and the Florida Civil Rights Act (Fla. Stat. § 760.01 *et seq.*, and hereinafter "FCRA") because the terms, conditions, and privileges of her employment were altered because of her gender and/or national origin.

7. Further, Plaintiff was retaliated against for her complaints of discriminatory conduct on behalf of Defendant which places her within a class protected under Title VII and the FCRA.

8. Defendant is a foreign corporation organized and existing in Delaware with its principal place of business in Arizona and authorized to do business in Florida. Defendant operates several stores nationwide. Specifically, Plaintiff worked in store #5945 located in Hialeah, Florida.

9. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about April 15, 2019. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was terminated from her position in December, 2018. Her Charge was therefore timely filed.

2

13. Plaintiff was issued a Notice of Right to Sue on June 1, 2020. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

15. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

16. Plaintiff was hired by Defendant in February 16, 2012 as a customer service associate.

17. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

18. As a result of her good performance, Plaintiff was recognized and received the associate monthly award in 2012, 2014, 2015, and 2016.

19. Defendant hired Pavel Aragon (White, Cuban) (hereinafter "Aragon,,) as the new manager for the store and Plaintiff's direct supervisor.

20. From the outset, Plaintiff noticed that Aragon treated her differently than other male Cuban similarly situated employees. For example, Aragon would give other Cuban, male employees more favorable schedules and better work opportunities.

21. Aragon also spoke in a condescending and demeaning manner to Plaintiff on a regular basis in front of other employees and customers. Aragon did not speak in this manner to male Cuban employees.

22. In January 2018, Plaintiff was promoted to Manager. However, Plaintiff did not receive a raise like her male counterparts in the same position.

23. Plaintiff complained about the disparate treatment. Specifically, Plaintiff first complained to Aragon who refused to give Plaintiff the raise she deserved.

24. After making several complaints, in April 2018, Plaintiff received the raise for the position of manager. However, Aragon's disparate treatment of Plaintiff worsen.

25. Plaintiff was scheduled to work more hours and was often assigned additional duties that Cuban male similarly situated employees were not required to do.

26. Aragon often changed Plaintiff's schedule to conflict with Plaintiff's availability making it difficult for Plaintiff to comply with her schedule.

27. Furthermore, in September 2018, Aragon demoted Plaintiff back to customer service associate position.

28. On or about December 6, 2018, Aragon accused Plaintiff of violating Defendant's policy and Plaintiff was terminated.

29. Defendant acted with intentional disregard for Plaintiff's rights under Title VII and the FCRA.

30. At all times relevant, Plaintiff was qualified for her position with Defendant in that she worked for the Defendant for over six (6) years without disciplinary action.

31. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

32. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's gender, national origin, and/or complaints of discrimination were motivating factor(s) in the decision for the adverse employment action(s).

33. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

4

34. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON SEX)

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 of this complaint as if set out in full herein.

36. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

37. Plaintiff is a member of a protected class, to wit, female.

38. Defendant, by and through its owner and managers, did not treat Plaintiff the same as other male employees.

39. Aragon acted on behalf of Defendant and acted within the scope of his duties.

40. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.,,

41. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's gender.

5

42. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, male employees were allowed better work opportunities by not being subjected to unfair treatment.

43. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

44. The Plaintiff was qualified for the position apart from her apparent gender.

45. The Plaintiff was discriminated against by her supervisor because she was a female.

46. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

47. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

48. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

49. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was a female, in violation of the Act.

50. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's gender, was a motivating factor in the decision for the adverse employment action(s).

51. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

52. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

53. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON NATIONAL ORIGIN)

54. Plaintiff re-avers and re-states paragraphs 1–34 above, as though the same were fully re-written herein, and says:

55. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against and ultimately terminated on the basis of her national origin.

56. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered due to her national origin.

57. Defendant, by and through its owner and managers, did not treat Plaintiff the same as Cuban employees in that Cuban employees had liberty with regard to their schedule, less duties, and were allowed better work opportunities by not being subjected to unfair treatment.

58. Defendant's owner and managers acted with intentional disregard for Plaintiff's rights under Title VII as a person based on her national origin.

59. Aragon acted on behalf of Defendant and acted within the scope of his duties.

60. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment

opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.,,

61. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's national origin.

62. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

63. The Plaintiff was discriminated against by her supervisor because she was Venezuelan.

64. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

65. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

66. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her national origin a violation of Act with respect to its decision to treat Plaintiff different from other employees.

67. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Venezuelan, in violation of the Act.

68. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin, was a motivating factor in the decision for the adverse employment action(s).

69. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

9

70. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

71. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF THE CIVIL RIGHTS ACT
## (RETALIATION)

72. Plaintiff incorporates herein the allegations contained in paragraphs 1–34, inclusive, as though same were fully re-written, and says:

73. Plaintiff is a member of a protected class under Title VII, to wit she complained of discriminatory treatment.

74. Since Aragon became Plaintiff's supervisor, Plaintiff made several complaints of disparate treatment as stated above.

75. On or about December 6, 2018, as a direct result of Plaintiff's complaints of discrimination, Plaintiff was terminated by Defendant.

76. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

77. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

78. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

79. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

11

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON SEX)

80. Plaintiff re-avers and re-states paragraphs 1–34 above, as though the same were fully re-written herein, and says:

81. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA,,), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her gender, Female.

82. Plaintiff is a member of a protected class, to wit, female.

83. Defendant, by and through its supervisors, by the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to animosity based on her gender.

84. Defendant's managers acted with intentional disregard for Plaintiff's rights as a woman under the FCRA.

85. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to. However, even if Defendant had a reason, Plaintiff's gender was, at minimum, a motivating factor in its decision to pay her less and ultimately terminate her.

86. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

87. Specifically, Aragon as manager, at all material times, acted on behalf of Defendant and acted within the scope of their duties.

88. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

89. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

90. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon and Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON NATIONAL ORIGIN)

91. Plaintiff re-avers and re-states paragraphs 1–34 above, as though the same were fully re-written herein, and says:

92. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA,,), Sections 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her national origin.

93. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered due to her national origin.

14

94. Defendant's managers and representatives acted with intentional disregard for Plaintiff's rights under the FCRA as a person based on her national origin.

95. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to. However, even if Defendant had a reason, Plaintiff's national origin was, at minimum, a motivating factor in its decision for the disparate treatment of Plaintiff, including but not limited to Plaintiff's termination.

96. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

97. Specifically, Aragon as manager, at all material times, acted on behalf of Defendant and acted within the scope of their duties.

98. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

99. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

100.   Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon and Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

   WHEREFORE, Plaintiff respectfully requests that:

15

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

101. Plaintiff re-alleges and re-avers paragraphs 1-34 as though full set forth herein.

102. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

103. Plaintiff made several complaints of disparate treatment to Aragon.

104. Plaintiff's complaints of disparate treatment as stated above, were protected activity under the FCRA.

16

105.   By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

106.   As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

107.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

108.   Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

109.   Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

110.   If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, were a motivating factor in the decision for the adverse employment action(s).

111.   Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay,

benefits' adjustment, injury to her professional reputation, and emotional pain and suffering

caused by Defendant's discriminatory treatment in an amount to be determined at trial and

in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B.  The Court award punitive damages as permitted under the law;

C.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full

benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or

in lieu of reinstatement, award front pay;

D.  The Court award Plaintiff the costs of this action together with her reasonable attorney's

fees incurred herein, pursuant to contract and/or statute; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff MILAGROS VALDES demands trial by jury on all issues and all counts of this

Complaint so triable as a matter of right.

Dated: June 18, 2020

**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com